508 A.2d 1030

**Selmar C. HASSELHOFF**

v.

**STATE of Maryland.**

**No. 796, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 20, 1986.

646

Jeffrey Zaluda, Law Student (Nancy L. Cook, Assigned Public Defender, Washington, D.C., and Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. for Baltimore County and Sue A. Schenning, Asst. State's Atty. for Baltimore County, on brief), Towson, for appellee.

Argued before MOYLAN, WEANT and ADKINS, JJ.

MOYLAN, Judge.

The appellant, Selmar C. Hasselhoff, was convicted by a Baltimore County jury, presided over by Judge Austin W. Brizendine, of manslaughter by automobile and homicide by motor vehicle while intoxicated.[1]  Upon this appeal, he raises essentially two contentions:

1) That evidence of a blood alcohol test should have been suppressed;  and

2) That absent the blood alcohol evidence, the remaining evidence was not legally sufficient to sustain the convictions.

Because we find no merit in the appellant's first contention, the second contention is obviously mooted.

The thrust of the appellant's first contention is that the blood alcohol test was administered to him more than two hours after his apprehension and was, therefore, inadmissible under Md.Code, Cts. & Jud.Proc. Article, § 10–303.  We find no merit to this contention for three separate reasons.

In the first place, we do not agree that the test was taken more than two hours after the appellant was apprehended. The fatal accident occurred at some time between 11:20 and 11:30 p.m. on December 18, 1983.  The manslaughter victim, Jennifer Hegarty, the driver of the vehicle that suffered a head-on collision with the vehicle driven by the appellant, was pronounced dead by the first medical personnel on the scene at 11:40 p.m.  The chief investigating officer, Craig Langhirt, arrived at the scene at 11:50 p.m. His initial responsibility was to see to the care of the dying or wounded.  Although he conversed briefly with the appellant and gathered cause to believe that the appellant may have been intoxicated, his only action with respect to the appellant was to summon the ambulance personnel to care for the appellant's wounds.  At shortly after midnight, the

---

**1.**  The propriety of convicting an individual for both 1) manslaughter by automobile and 2) homicide by motor vehicle while intoxicated for a single death is not before us as an appellate issue.  It is, however, a proper subject for post conviction review.

appellant was taken by ambulance, without any police in attendance, to the Greater Baltimore Medical Center. Officer Langhirt arrived in the emergency room of G.B.M.C. at 1:55 a.m., informed the appellant that Ms. Hegarty was dead, and ordered a blood sample of the appellant taken for testing. The blood test was administered at 2:16 a.m., two hours and twenty-six minutes after Officer Langhirt arrived at the accident scene in rural Baltimore County.

■ The evidence clearly supports the finding of Judge Brizendine that no apprehension of the appellant occurred until 3:40 a.m., well after the time that the test was taken. *Willis v. State*, 302 Md. 363, 488 A.2d 171 (1985), is fully supportive of that finding.

■ The appellant's contention would fall for yet another reason. The exclusionary rule for noncompliance with Cts. & Jud.Proc. Article, § 10–303 is limited to violations of Transportation Article, § 21–902, Driving While Intoxicated or Under the Influence of Alcohol or Drugs. The Legislature has specifically exempted Article 27, § 388, Manslaughter by Automobile, and Article 27, § 388A, Homicide by Motor Vehicle While Intoxicated, from the coverage of this particular exclusionary rule. For both of the convictions now under review, therefore, the redress the appellant claims he was entitled to was simply not available.

■ We note, moreover, as was noted by *Willis v. State*, 302 Md. at 380, 488 A.2d 171:

"Willis nonetheless contends that a blood alcohol test administered approximately four hours after the accident is unreliable and for that reason is prejudicial. As the Supreme Court and this Court have observed, it is generally agreed that a person's blood alcohol content decreases with the passage of time. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *State v. Moon, supra.* Because any delay in the administration of a chemical test ordinarily inures to the benefit of the accused, an accused suffers no prejudice."

As in *Willis,* any unreliability of a blood alcohol test taken more than the optimum period after the accident would inure to the benefit of the appellant, not to his detriment.

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.